(/)

## DISTRICT CLERK

About (/district-clerk/about)

Online Case Information (/district-clerk/online-case-information)

Online Payment (/district-clerk/online-payments)

Jury Duty (/district-clerk/jury-duty)

Information & Resources (/district-clerk/resources)

Passport Information (/district-clerk/passport)

Attorney Access to Records Online (/district-clerk/public-access)

E-Filing (/district-clerk/efiling)

Contact Information (/district-clerk/contact)

## IN THE NEWS



(/district-clerk/online-case-information)

Online Case Information (/district-clerk/online-case-information)



(/district-clerk/online-payments)

You are here: Home (/) ⋅ District Clerk (/district-clerk) ⋅ Online Case Information

# Online Case Information

## Details

**Updated : Tuesday, November 1, 2016 5:10:17 AM**

New Search (/OnlineCaseInformationWeb/)

Request Documents (/OnlineCaseInformationWeb/Content/record_search_fillable.pdf)

| | |
|---|---|
| **Cause Number** | D-1-GN-16-004894 |
| **Case Status** | PENDING |
| **Style** | LEWIS ET AL V METROPOLITAN |
| **Filed Date** | 9/27/2016 |
| **Hearing Date** | -- |

| Attorney | Type | Full/Business Name | First Name | Middle Nam |
|---|---|---|---|---|
| CONDER DENNIS D | DEFENDANT | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS | | |
| PACE CLARE LANE | PLAINTIFF | | LISA | |
| PACE CLARE LANE | PLAINTIFF | | MICHAEL | |

| Event Date | Party Type | Description |
|---|---|---|
| 10/17/2016 | DF | ORIGINAL ANSWER |
| 10/14/2016 | DF | EXECUTED SERVICE |
| 9/29/2016 | DF | ISS:CITATION |
| 9/27/2016 | PL | ORIGINAL PETITION/APPLICATION |

New Search (/OnlineCaseInformationWeb/)



9/27/2016 4:55:16 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-004894
Kirby Hernandez

CAUSE NO. D-1-GN-16-004894

| | | |
|---|---|---|
| MICHAEL LEWIS AND | § | IN THE DISTRICT COURT |
| LISA LEWIS | § | |
| | § | |
| V. | § | 201st  JUDICIAL COURT |
| | § | |
| METROPOLITAN LLOYDS INSURANCE | § | TRAVIS COUNTY, |
| COMPANY OF TEXAS | § | TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Michael and Lisa Lewis, Plaintiffs herein, who files this, their Original Petition against the Defendant, Metropolitan Lloyds Insurance Company of Texas, hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiffs, Michael and Lisa Lewis, are individuals residing in Travis County, Texas.

The Court has jurisdiction over Defendant, Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), because Defendant is a domestic insurance company. Further, Defendant engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of Defendant's business activities in the State of Texas. It can be served with citation by serving its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

## III. VENUE

Venue is proper in Travis County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Travis County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Travis County against all the potential Defendant in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

## IV. CONDITIONS PRECEDENT

All conditions precedent to recovery has been performed, waived, or have occurred.

## V. FACTS

Plaintiffs are the owner of Policy number H 580060586-0 issued by Defendant Metropolitan (hereinafter referred to as the "Policy"). Plaintiffs owned the insured property (hereinafter referred to as the "Property"), which is specifically located at 408 Dawn River Cove, Austin, TX 78732.

Defendant Metropolitan sold the Policy, insuring the Property that is the subject of this lawsuit, to Plaintiffs. Plaintiffs suffered a significant loss with respect to the Property at issue as a result of fire. Plaintiffs submitted a claim to Defendant Metropolitan for damages to the Property insured by Defendant Metropolitan. Defendant Metropolitan assigned claim number JDF11466 to Plaintiffs' claim.

Page 2 of 14

Defendant failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Defendant failed and refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damage and all conditions precedent to recovery upon the Policy and under Plaintiffs' claims have been carried out and accomplished by Plaintiffs. Such conduct by Defendant constitutes breach of the insurance contract between Defendant Metropolitan and Plaintiffs.

Defendant misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes violations of the Texas Insurance Code. Defendant misrepresented to Plaintiffs that part of Plaintiffs' damage property was excluded under the Policy.

Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was or should have been aware of its liability to Plaintiffs under the Policy. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE §541.060(2).

Defendant failed to promptly provide to Plaintiffs a reasonable explanation of the basis of the policy, in relation to the facts or applicable law, for the Defendant's denial of the claim. Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE §541.060(3).

Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Defendant. Defendant's conduct

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(4).

Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant's conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act*. TEX. INS. CODE §541.060(7).

Defendant failed to meet its obligations under the Texas Insurance Code regarding acknowledging Plaintiffs' claim, beginning investigations to Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within fifteen (15) days of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

Defendant failed to accept or deny Plaintiffs' full and entire claim within fifteen (15) business days of receiving all required information. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.056.

Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not yet received full payment for the claim. Defendant's conduct constitutes a violation of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542.055.

From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiffs in full, despite Defendant having no good faith basis on which a reasonable insurance company would have relied on to deny the

full payment. Defendant's conduct constitutes breaches of the common law duty of good faith and fair dealing.

As a result of Defendant's acts and omissions, Plaintiffs was forced to retain the attorney who is representing Plaintiffs in this cause of action.

Plaintiffs' experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. CAUSES OF ACTION

### A. Breach of Contract by Defendant Metropolitan

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitute material breaches of the insurance contract with Plaintiffs. Plaintiffs have suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### B. Cause of Action for Violation of Section 541 by Defendant Metropolitan

Defendant's conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE §541.151.

Defendant's unfair practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. §541.051, 541.060 and 541.061.

Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.051, 541.060 and 541.061.

**C. Cause of Action for Violation of Section 542 by Defendant Metropolitan**

Defendant's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE §542. All violations made under this article are made actionable by TEX. INS. CODE §542.060

Defendant's failure, as described above, to acknowledge receipt of Plaintiffs' claim, commence investigation of the clam, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claim. TEX. INS. CODE §542.055-542.060.

**D. Violation of the Texas Deceptive Trade Practices Act by Defendant Metropolitan**

Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiffs also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

Plaintiffs incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA, including without limitation the misrepresentations made by Defendant as set forth above which were made to and which did, in fact, induce Plaintiffs into purchasing the Policy from Defendant. Plaintiffs are a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) its failure to give Plaintiffs the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendant represented to Plaintiffs that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendant has breached an express warranty that the damage caused by wind and hail would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**E.  Cause of Action for Unfair Insurance Practices by Defendant Metropolitan**

Defendant's conduct described above constitutes unfair insurance practices.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, Defendant's failure to pay for the proper repair of Plaintiffs' real property on which liability had become reasonably clear; engaging in false, misleading and deceptive acts or practices in the business of insurance in this case; and misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.    Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**F.    Cause of Action for Breach of Duty of Good Faith and Fair Dealing by Defendant Metropolitan**

Defendant's conduct described above constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at the time Defendant knew or should have

known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

## VII. KNOWLEDGE AND INTENT

Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

## VIII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## IX. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages which include, without limitation, the cost to properly repair Plaintiffs' real property and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract. Plaintiffs is also entitled to recover the amount of their claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court. Plaintiffs seek monetary relief over $200,000.00 but not more than $1,000,000.00.

## X.  ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.  EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant is the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### XIII. JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and make this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

### XIV. REQUEST FOR DISCLOSURE

Pursuant to TEX. R. CIV. P. 194, you are requested to disclose, within fifty (50) days of the service of this request, the information or material described in 194.2(a)-194.2(l).

### XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Bank of America Plaza, 25th Floor
300 Convent Street
San Antonio, TX 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924
Email: cpace@mdtlaw.com

By: /s/ Clare L. Pace _____
GERALD T. DROUGHT
State Bar Number: 06134800
CLARE L. PACE
State Bar Number: 24079097
**ATTORNEYS FOR PLAINTIFFS**

10/17/2016 3:23:59 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-16-004894**
**Irene Silva**

CAUSE NO. D-1-GN-16-004894

| | | |
|---|---|---|
| MICHAEL LEWIS AND | § | IN THE DISTRICT COURT |
| LISA LEWIS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS, | § | |
| | § | |
| Defendant. | § | 201ST JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

**DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' ORIGINAL ANSWER - PAGE 2**

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery

of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross

neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued

to the Plaintiffs, including but not limited to the following policy provisions:

## COVERAGE A - DWELLING

1.  **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling,
    **we** cover:
    A.  the dwelling owned by **you** on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling.
        Swimming pools not fully enclosed within the dwelling are covered
        under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO
NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverage C when loss or damage is caused by **SECTION I - BROAD
NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT
COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.      **Windstorm or Hail**
        **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

1.      **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

        D.      **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

                1.      flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.      **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

        A.      wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

## SECTION I - CONDITIONS

...

2.  **What you Must do After a Loss.  We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.  Promptly notify **us** or **our** representative.
        ...
    B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
    C.  Cooperate with us in the investigation of a claim.
        ...
    E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
        1.  show **us** the damaged property;
        2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

        ...

Pleading further, Plaintiffs failed to promptly repair the roof of the subject property and based upon information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:    Dennis D. Conder
       State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of October, 2016, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/575449.1/001466.16917